IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| GLADIATRIX, LLC, a Florida Limited Liability Company,<br><br>Plaintiff<br><br>v.<br><br>LEON HUNTER, an individual<br><br>Defendant. | Civil Action No.: 9:23-cv-81438<br><br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff, GLADIATRIX, LLC, a Florida limited liability company, ("Plaintiff" or "Gladiatrix") hereby sues Defendant, LEON HUNTER, an individual ("Defendant" or "HUNTER"), and asserts the following:

## INTRODUCTION

Plaintiff owns and operates "PFC Pillow Fight Championship" which is a sporting competition consisting of pillow fights. Plaintiff has federally registered its trademark "Gladiatrix Pillow Fight Championship" under Registration Number 6531410 ("Trademark"). Plaintiff has also applied for additional marks including, "Pillow Fight Championship," "PFC Pillow Fight Championship" and a graphic mark for "PFC Pillow Fight Championship", each of these marks are pending registration.

Plaintiff and Defendant were previously involved in a business relationship. During his time as an employee of Plaintiff, Defendant was tasked with purchasing and registering the domain name, www.pillowfightchampionship.com, ("Domain") as a business asset for Plaintiff.

Defendant purchased this Domain in his capacity as an employee of Plaintiff and using Plaintiff's funds but improperly registered the Domain in his personal name.

After a failed business relationship, Plaintiff and Defendant went their separate ways and entered into a settlement agreement to dispose of outstanding issues. Specifically, the settlement agreement dated April 24, 2021 ("Settlement Agreement"), required Defendant to return all Gladiatrix Property and acknowledge that he is no longer an employee or agent of Gladiatrix. In exchange Plaintiff paid Defendant a sum of money and transferred all assets in a separate business to Defendant.[1]

In approximately September of 2021, Plaintiff learned Defendant never transferred the Domain Name as required. When Plaintiff contacted Defendant in an effort to request the Domain Name be returned, Defendant refused and informed Plaintiff he would be using the Domain Name to "cover and criticize Gladiatrix Pillowfightchampionship events…"

To date, Plaintiff has refused to return Plaintiff's Domain Name and continues to attempt to extort money from Plaintiff and threatens to use the Domain Name merely to criticize Plaintiff.

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff is a Florida limited liability company with a principal place of business located at 7999 N Federal Highway, Suite 400, Boca Raton, FL 33487.

2. Defendant is an individual and upon information and belief resides at 3808 NW 72 Drive, Coral Springs, FL 33065.

3. This is an action for trademark infringement under 15 U.S.C. §1114 of the Lanham Act and Violation of Anticybersquatting Consumer Protection Act 15 U.S.C. §1125(d).

---

[1] The Settlement Agreement contains a confidentiality clause, however, there is an exception for "enforcement purposes and as may otherwise be required by law". Plaintiff will broadly describe the Settlement Agreement only to provide the necessary information to the Court.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§1131 and 1338 in that this action arises under Acts of Congress relating to trademarks.

5. This Court has personal jurisdiction over the Defendant because Defendant resides within Broward County, Florida within this District.

6. Venue is proper in this District under 28 U.S.C. §1391(b) as Defendant resides within this District.

## BACKGROUND FACTS

7. In approximately December of 2019, Plaintiff instructed Defendant to purchase the Domain Name as an asset for the company.

8. Defendant, with Plaintiff's money, registered the Domain Name. *See Exhibit B*.

9. On or about April 24, 2021, Plaintiff and Defendant executed the Settlement Agreement.

10. On or about September 10, 2021, Plaintiff's CEO Steven Williams, ("Williams") requested the transfer of the Domain Name back to Plaintiff's GoDaddy account. *See Exhibit A*.

11. Defendant refused to return the Domain Name and attempted to extort $50,000.00, from Plaintiff. *See Page 2 of Exhibit A*.

12. Defendant stated the $50,000.00 requested was based on "$15,000.00 in back wages and $35,000.00 for [his] interest in Gladiatrix. *See Page 2 of Exhibit A*.

13. Any claim for unpaid wages and ownership interest was released upon execution of the Settlement Agreement.

14. On or about October 19, 2021, Plaintiff's Trademark was federally registered. *See Exhibit B*.

15. Plaintiff also began using the mark "Pillow Fight Championship" in commerce and applied for federal registration of the mark and different variations of the mark.[2]

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

16. Plaintiff realleges paragraphs 1-15 as though fully set forth herein.

17. Defendant has been on notice of the federal registration of the Trademark. *See Exhibit A.*

18. Defendant has continuously used the Domain Name containing Plaintiff's trademark in commerce. *See Exhibit C.*

19. Defendant has infringed upon Plaintiff's federally registered Trademark by continuing to use the Trademark or a confusingly similar mark in commerce which is predominantly displayed on the Domain Name.

20. Further, the Domain Name Defendant is providing access to join an email list for notifications regarding the Domain Name and its activities.

21. Defendant's use of the Trademark or a confusingly similar mark is likely to create confusion, cause mistake or deceive consumers.

22. Defendant has acted intentionally and with actual knowledge that their conduct infringes upon Plaintiff's rights to its Trademark.

23. Defendant's acts of infringement have and will continue to cause actual damage and irreparable harm to Plaintiff for which the legal remedies sought are inadequate and as such in addition to monetary relief, Plaintiff seeks injunctive relief to permanently bar Defendant from use of the Trademark or any similar mark in commerce.

---

[2] These marks are still pending registration; however, common law trademark rights have been established.

24. Defendant's intentional actions render this an exceptional case, further entitling Plaintiff to recovery of its attorney's fees and costs as detailed in 15 U.S.C. §1117.

## COUNT II – VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT

25. Plaintiff realleges paragraphs 1-15 as though fully set forth herein.

26. This is a claim for cybersquatting under the Lanham Act, 15 U.S.C. §1125(d), arising from Defendant's bad faith intent to profit from Plaintiff's federally registered Trademark and use of the infringing Domain Name.

27. Additionally upon information and belief, Plaintiff believes Defendant may also be in possession and registered domains containing the infringing Trademark, including but not limited to pillowfightchampionship.org; pillowfightchampionship.net; pillowfightchampionship.club; and potentially other extensions, ("Other Infringing Domains"). *See Exhibit A Page 2.*

28. Without Plaintiff's consent, Defendant has re-registered, trafficked in, and/or used the Other Infringing Domains.

29. Defendant is using or at a minimum intends to use the Domain Name to cover and criticize Plaintiff and its pillow fight competition league. *See Page 2 of Exhibit A; Exhibit "D".*

30. At the time of re-registering the Domain Name and the Other Infringing Domains, Defendant was aware Plaintiff was the owner of the federally registered Trademark and the common law marks in "Pillow Fight Championship".

31. The Domain Name and the Other Infringing Domains are confusingly similar to the Plaintiff's Trademark because it incorporates the term "PILLOW FIGHT CHAMPIONSHIP" and intends to offer commentary and criticism regarding Plaintiff's business.

32. Defendant re-registered and is using the Domain Name and Other Infringing Domains with the bad faith intent to profit from Plaintiff's Trademark and bad faith intent to harm Plaintiff's business.

33. Defendant has demanded $50,000.00, prior to returning the Domain Name to Plaintiff.

34. Additionally, Defendant has since lowered his demand to $30,000.00, but continues to threaten to utilize the Domain Name and create a blog specifically to critique Plaintiff. *See Exhibit E.*

35. Defendant's re-registration of the Domain Name and any Other Infringing Domains has caused and will continue to cause irreparable harm, damage and injury to Plaintiff unless restrained and enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays this Court enter judgement in its favor on each and every claim for relief set forth above and award it relief, including but not limited to, the following:

1. That Defendant, LEON HUNTER, and all other persons acting in concert or privity with Defendant, be enjoined and restrained during the pendency of this action as a preliminary injunction and permanently thereafter from:

    (a) Using the Trademark or any similar variations thereof consisting of "GLADIATRIX PILLOW FIGHT CHAMPIONSHIP" in any form;

    (b) Using any trademark, tradename, website address, and/or advertising keyword, that imitates or is confusingly similar to the Trademark or any portion thereof that is likely to cause confusion, mistake, deception, or

        public misunderstanding as to the origins of Defendant's goods and/or services or their relatedness to Plaintiff; and

(c) Engaging in trademark infringement, unfair competition, false designation of origin, or other activities that misappropriate Plaintiff's Trademark;

(d) Doing any other act or thing likely to, or calculated to, induce belief that Defendant is in any way related, affiliated, connected or associated with Plaintiff.

(e) Intentionally criticizing, mocking, disparaging, or otherwise commentating on Plaintiff or Plaintiff's businesses.

2. An accounting of, and disgorgement of, any and all profits derived by Defendant using the Trademark and/or Domain Name.

3. All damages sustained by Plaintiff by virtue of Defendant's infringing and illegal acts in an amount to be determined at trial;

4. Punitive, trebled, enhanced, and exemplary damages for Defendant's acts of unfair competition and willful infringement;

5. Other economic and consequential damages in an amount to be determined at trial;

6. The Defendant be ordered to pay Plaintiff's reasonable costs and attorney's fees in this action pursuant to Lanham Act and other applicable State and Federal laws;

7. Plaintiff be awarded the website, pillowfightchampionship.com and any other domains owned by Defendant containing "pillow fight championship" or any confusingly similar version of the Trademark.

8. That Defendant within thirty (30) days after service of Judgment files with this Court and serve upon Plaintiff's undersigned counsel, a written report, under oath, setting forth in detail the manner in which Defendant's have complied with the judgment.

9. An award of prejudgment interest on all money damages.

10. An award of post judgment interest on all money damages.

11. Awarding such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 30, 2023              Respectfully submitted,

**THE LOMNITZER LAW FIRM, P.A.**

/s/ Kelly Ann desRosiers
Kelly Ann desRosiers, Esq.
Florida Bar No.: 1017878
Kelly@Lomnitzerlaw.com

/s/Lorri Lomnitzer
Lorri Lomnitzer, Esq.
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
7999 N. Federal Highway, Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Fax: (561) 953-3455
*Attorneys for Plaintiff*